**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**UNITED STATES OF AMERICA,**

                **Plaintiff,**

 v.
                                                   **23-CR-101V**

**ANITA MILLER,**

                **Defendant.**

---

### REPORT, RECOMMENDATION AND ORDER

This case was referred to the undersigned by the Hon. Lawrence J. Vilardo, in accordance with 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions.

### PRELIMINARY STATEMENT

The defendant, Anita Miller ("the defendant"), is charged in an indictment with having violated Title 18 U.S.C. §§ 1709 (Counts 1-6) and 1703(a) (Counts 7-8). Dkt. #1. She has filed a motion wherein she seeks dismissal of Counts 3, 7 and 8 "of the indictment for lack of specificity." Dkt. #15, p. 3, ¶ 14. She has also filed a motion seeking "to suppress statements made to Special Agents Brendan Boone and Timothy Jones of the United States Postal Service Office of Inspector General on March 17, 2022." Dkt. #15, p. 5, ¶ 8. The government has filed its opposition to both motions.

Dt. #18.

Oral argument on the defendant's motion to dismiss Counts 3, 7 and 8 was heard by this Court on March 1, 2024 and that matter was taken under advisement. An evidentiary hearing on the defendant's motion to suppress statements was held by this Court on March 19, 2024 and the matter was taken under advisement thereafter.

**FACTS**[1]

The defendant was employed as a United States Postal Service ("USPS") employee at the Freedom Post Office in Freedom, New York with the duties of a USPS mail carrier starting in 2021 until her voluntary resignation on April 1, 2022.

Sometime in February of 2022, the Office of Inspector General ("OIG") for the USPS received information about complaints from USPS customers who resided on the defendant's mail delivery route about "missing mail," "opened mail" and "rifled mail." As a result, an investigation as to these complaints was instituted by the USPS OIG. In addition to interviewing postal customers on the defendant's delivery route who complained about thefts of items from "greeting cards" and other mail, the postal investigators utilized a "hidden camera" and an "integrity test" in documenting the illegal activity of the defendant in failing to carry out her responsibilities in delivering the mail to

---

[1] The facts are taken from the filings in this case and the Court's notes taken during the evidentiary hearing held on March 19, 2024. A transcript of this proceeding was not ordered by either party.

the customers on her delivery route.

The "hidden camera" was placed in the USPS delivery vehicle assigned to the defendant for her use in making her mail deliveries. A video recording of the defendant while in the USPS vehicle was made on March 10, 2022 which depicts the defendant opening mail and looking at its contents and then removing contents from the envelope and thereafter resealing the envelope. *See* Government Exhibit 2A which is a video recording of the defendant made March 10, 2022.

The postal inspectors also generated an "integrity test" which consisted of creating a piece of mail with a "non-existent" address on the defendant's route. Inside the sealed envelope was a greeting card and a "$25 Tops gift card" bearing a "specific card number" that enabled the investigators to determine whether this specific gift card was used at a specific Tops grocery store. Because the envelope contained a non-existent postal address thereby making it undeliverable, the defendant would have been required to return this piece of mail to the Freedom, New York Post Office for purposes of having it returned to the sender's address which appeared in the upper left corner of the envelope. *See* Government Exhibit 2F. This was not done and the postal investigators established that the $25 Tops gift card that had been placed in the decoy envelope was used or cashed at a Tops grocery store on March 1, 2022 by the father of a girlfriend of the defendant.

On March 17, 2022, USPS OIG Inspectors Jones and Boone met with the defendant at the Freedom, New York Post Office. After identifying themselves to the defendant, they asked her if she would agree to speak with them. When she agreed to speak to them, Investigator Jones first provided an "Acknowledgement of Rights (Garrity)" form to the defendant and asked the defendant to review it. *See* Government Exhibit 4B. After the defendant reviewed the "Garrity" form, Inspector Jones asked the defendant if she understood her rights as described in the "Garrity" form. The defendant responded that she did and she filled out the form and signed it in the presence of Inspectors Jones and Boone who then signed it as witnesses to the defendant's signature on the form. (Government Exhibit 4B). The defendant did not ask for an attorney or union representative at any time during her interview with the postal inspectors. No *Miranda* (*Miranda v. Arizona*, 384 U.S. 436 (1966)) warnings were given to the defendant because she was not under arrest on March 17, 2022 and the only "goal" of the Postal Inspectors at that time "was to get the facts relating to the investigation."

The defendant was shown a photo of herself sitting in her USPS vehicle going through pieces of mail. *See* Government Exhibit 4C. After the postal inspectors described what their investigation of the defendant had established, the defendant "admitted stealing from the mail" and agreed to sign a sworn statement admitting to the same. The defendant then wrote out a narrative wherein she admitted "tak[ing] cash and cards" from the mail that she was to deliver to customers on her postal route. *See*

4

Government Exhibit 4F.  After signing her handwritten statement, the interview of the defendant was completed and she was allowed to leave the post office.

The defendant submitted a letter of resignation of her employment on April 1, 2022.  *See* Government Exhibit 5.

## **DISCUSSION AND ANALYSIS**

### A. Defendant's Motion to Suppress Statements

The government presented USPS OIG Inspector Jones as its only witness and submitted a number of exhibits which were received in evidence.  The defendant did not testify at the evidentiary hearing held on March 19, 2024 and did not call any witnesses on her behalf.  She did submit Defendant's Exhibits A-L and Exhibit N which were received in evidence and considered by this Court.

This Court observed the demeanor of Inspector Jones while hearing his testimony on direct and cross-examination.  As a result, I find that Inspector Jones was a credible witness and accept his testimony in its entirety as being truthful.  The defendant was made fully aware of her rights when she was given the Acknowledgement of Rights ("Garrity") form to review by her acknowledgement that she understood those rights and the signing of the form.  Government Exhibit 4B.

5

I also find that the defendant was not under arrest or subjected to "custodial interrogation" on March 17, 2022 when she was interviewed by the USPS OIG Inspectors and therefore there was no legal requirement that *Miranda* warnings should have been given to the defendant at that time.  See *Thompson v. Keohane*, 516 U.S. 99, 100-101 (1995); *Tankleff v. Senkowski*, 135 F.3d 235, 242-243 (2d Cir. 1998).

### B. The Defendant's Motion to Dismiss Counts 3, 7 and 8

The defendant argues that Counts 3, 7 and 8 as set forth in the indictment (Dkt. #1) "lack specificity" and therefore must be dismissed.   This argument is rejected as being totally without legal merit.

Count 3 of the indictment mirrors the language set forth in 18 U.S.C. § 1709, *i.e.*, that the defendant, on March 11, 2022 as a USPS employee, "did intentionally embezzle mail and remove articles and things contained therein . . . in violation of Title 18 U.S.C. § 1709.

Counts 7 and 8 mirror the language set forth in 18 U.S.C. § 1703(a), *i.e.*, that the defendant on March 14 and 15, 2022, respectively, as a USPS employee, "did unlawfully detain, delay, and open mail   . . . in violation of Title 18 U.S.C. § 1703(a).

> "[A]n indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense."  *Hamling v. United States,* 418 U.S. 87, 117 (1974); *United States v. Resendiz-Ponce,* 549 U.S. 102, 108 (2007); United *States v. Stavroulakis,* 952 F.2d 686, 693 (2d Cir.), *cert. denied,* 504 U.S. 926 (1992). "Further, an indictment need only track the language of the statute, and if necessary to apprise the defendant of the nature of the accusation against him with 'reasonable certainty,' state the time and place of the alleged offense in approximate terms."  *Russell v. United States,* 369 U.S. 749, 765-66 (1962).

The Second Circuit Court of Appeals reiterated this principle wherein it stated:

> It bears recalling that "we have consistently upheld indictments that do little more than to track the language of the statute charged and state the time and place (in approximate terms ) of the alleged crime." United States v. Pirro, 212 F.3d 86, 100 (2d Cir.2000) (internal quotation marks omitted) (emphasis supplied). Indeed, "in an indictment for conspiring to commit an offense—in which the conspiracy is the gist of the crime—it is not necessary to allege with technical precision all the elements essential to the commission of the offense which is the object of the conspiracy." United States v. LaSpina, 299 F.3d 165, 177 (2d Cir.2002). Rather, "[a]n indictment is sufficient when it charges a crime with sufficient precision to inform the defendant of the charges he must meet and with enough detail that he may plead double jeopardy in a future prosecution based on the same set of events." United States v. Yannotti, 541 F.3d 112, 127 (2d Cir. 2008) (internal quotation marks omitted).

*United States v. Bout*, 731 F.3d 233, 240-241 (2d Cir. 2013); *United States v. Stavroulakis*, 952 F.2d 686,693 (2d Cir.), *cert. denied*, 504 U.S. 926 (1992); *See also*

7

*Russell v. United States*, 369 U.S. 749, 765-766 (1962).

## **CONCLUSION**

Based on the foregoing, it is recommended that the defendant's motion to suppress the use of her statements of March 17, 2022 be in all respects denied. It is also recommended that the defendant's motion seeking dismissal of Counts 3, 7 and 8 as set forth in the indictment be in all respects denied.

It is hereby **ORDERED** pursuant to 28 U.S.C. § 636(b)(1) that:

This Report, Recommendation and Order be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report, Recommendation and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report, Recommendation and Order in accordance with the above statute, Fed.R.Crim.P. 58(g)(2) and Local Rule 58.2.

The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance. *See, e.g., Patterson-Leitch Co., Inc. v.*

*Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988). **Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Judge's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek, et al. v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 58.2 of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 58.2, or with the similar provisions of Rule 58.2 (concerning objections to a Magistrate Judge's Report, Recommendation and Order), may result in the District Judge's refusal to consider the objection.**

DATED:   Buffalo, New York
         April 23, 2024

                                    *S/ H. Kenneth Schroeder, Jr.*
                                    **H. KENNETH SCHROEDER, JR.**
                                    **United States Magistrate Judge**