UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

―――――――――――――――――――――――――

 UNITED STATES OF AMERICA,

        v.
                                                    23-CR-101
 ANITA MILLER,                                      DECISION & ORDER

                Defendant.

―――――――――――――――――――――――――


        The defendant, Anita Miller, was charged in an indictment with six counts of theft

of mail by a postal employee (counts 1-6) and two counts of delay of mail by a postal

employee (counts 7-8).  Docket Item 1.  On September 14, 2023, the case was referred

to United States Magistrate Judge H. Kenneth Schroeder, Jr., for all proceedings under

28 U.S.C. § 636(b)(1)(A) and (B).  Docket Item 5.

        Approximately five months later, Miller moved to dismiss counts 3, 7, and 8 of the

indictment and to suppress statements she made to two postal inspectors.  Docket Item

15.  After the government responded, Docket Item 18, Judge Schroeder held an

evidentiary hearing, *see* Docket Items 38 and 39.

        Judge Schroeder then issued a Report, Recommendation, and Order ("RR&O")

recommending that this Court deny Miller's motions to dismiss and to suppress.  Docket

Item 30.  Miller objected to the RR&O, Docket Items 32 (objection) and 40

(supplement), and the government responded, Docket Item 41.  This Court heard oral

argument and reserved decision.  *See* Docket Item 43.

        A district court may accept, reject, or modify the findings or recommendations of

a magistrate judge.  28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(3).  The court must

review *de novo* those portions of a magistrate judge's recommendation to which a party objects.  28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(3).

This Court has carefully and thoroughly reviewed the RR&O, the objection, the response, and the materials submitted to Judge Schroeder.  Based on that *de novo* review, the Court accepts and adopts Judge Schroeder's recommendation to deny Miller's motions.

## DISCUSSION

The Court assumes the reader's familiarity with the underlying facts and Judge Schroeder's analysis in the RR&O.  *See* Docket Item 30.

## I.    MOTION TO DISMISS COUNTS 3, 7, AND 8

Miller argues that counts 3, 7, and 8 are not specific enough to protect her from double jeopardy.  *See* Docket Item 32 at 2-4.  In particular, she says that these counts fail to identify "a specific time of the offense, a more detailed description of the envelope, or any other identifying facts."  *Id.* at 3.

But as the government observes, *see* Docket Item 41 at 5, that level of specificity is not required in an indictment.  *See United States v. Weiner*, 2024 WL 150019, at *11 (S.D.N.Y. Jan. 11, 2024) ("An indictment is sufficient if it 'first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense.'" (quoting *United States v. Stringer*, 730 F.3d 120, 124 (2d Cir. 2013))).  Rather, "to satisfy the pleading requirements of Rule 7(c)(1), an indictment need 'do little more than to track the language of the statute charged and

state the time and place (in approximate terms) of the alleged crime.'" *Stringer*, 730 F.3d at 124 (quoting *United States v. Pirro,* 212 F.3d 86, 92 (2d Cir. 2000)). Furthermore, "[o]utside of [a] narrow category of cases," such as fraud and controlled substance distribution, "the Second Circuit has 'repeatedly refused, in the absence of any showing of prejudice, to dismiss . . . charges for lack of specificity.'" *Weiner*, 2024 WL 150019, at *12 (quoting *United States v. Walsh*, 194 F.3d 37, 45 (2d Cir. 1999)).

Miller relies on a case from the Eleventh Circuit, *United States v. Garrett*, 467 F. App'x 864 (11th Cir. 2012). *See* Docket Item 32 at 3. But as the government notes, Docket Item 41 at 6, in that case, the court found the indictment to be *sufficient*; it did not hold that an indictment with less information would be insufficient.

This Court therefore agrees with Judge Schroeder that Miller's motion to dismiss should be denied.

## II.    MOTION TO SUPPRESS

### A.    *Miranda*

Miller next argues that she was in custody when the postal inspectors interrogated her and that she therefore was entitled to *Miranda* warnings. She relies primarily on a case from the Northern District of Indiana in which the court found an interview of a postal worker by postal inspectors to be a custodial interrogation. *See* Docket Item 32 at 6-7 (citing *United States v. Steele*, 648 F. Supp. 1375 (N.D. Ind. 1986)). There, the defendant had been interrogated in the mechanical room of the post office, and the court found the interrogation to be custodial based on "the surroundings, the duration of the questioning[,] and the interrogation techniques used." *Id.* at 1379.

3

The government counters with a much more recent case within this circuit in which a court denied a motion to suppress under facts similar to those in this case. *See United States v. Ramsey*, 2022 WL 539197 (E.D.N.Y. Feb. 23, 2022). Here, as in *Ramsey*, Miller was informed of her rights under *Garrity v. New Jersey*, 385 U.S. 493 (1967)—that she was free to leave, that she had the right to remain silent, and that her silence could not be used to terminate or discipline her. *See Ramsey*, 2022 WL 539197, at *3-*6. Miller then was interviewed in an open area of the postal office's work room, unlike the small, closed mechanical room in *Steele*.

The situation in this case is thus more like *Ramsey* than *Steele*. In particular, the fact that the interview was done on the workroom floor and the fact that Miller was told she could leave both suggest that she was not in custody. Accordingly, this Court accepts Judge Schroeder's recommendation to find that the postal inspectors were not required to give Miller a *Miranda* warning.

### B. Voluntariness

Miller next argues that even if the interrogation was not custodial, her statements were not voluntary and must be suppressed for that reason. Again, *Ramsey* is similar and instructive. *See Ramsey*, 2022 WL 539197, at *5 (finding *Garrity* warning sufficient when there was "nothing in the record to suggest that [the defendant] did not understand the *Garrity* form when she signed it"). Therefore, this Court finds—as did Judge Schroeder—that the *Garrity* form Miller signed demonstrated that she was speaking voluntarily. *See* Docket Item 30 at 5.

For all those reasons, Miller's motion to suppress is denied.

## CONCLUSION

For the reasons stated above and in the RR&O, this Court accepts Judge Schroeder's recommendation, Docket Item 30, and Miller's motions to dismiss counts 3, 7, and 8 of the indictment and to suppress statements, Docket Item 15, are DENIED.

SO ORDERED.


Dated:          October 25, 2024
                Buffalo, New York


                                         /s/ Lawrence J. Vilardo
                                        _____
                                        LAWRENCE J. VILARDO
                                        UNITED STATES DISTRICT JUDGE